UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION, PENSION and
WELFARE FUNDS,

         Plaintiff,

 -against-

ACCLAIM ACOUSTICS INC. and CLOVER
CONSTRUCTION OF NEW YORK CORPORATION,

         Defendants.
----------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 24 2017 ★
LONG ISLAND OFFICE

ORDER
15-CV-4227 (JFB)(AYS)

JOSEPH F. BIANCO, District Judge:

By Order dated January 12, 2017 (ECF No. 27), the Court granted plaintiff's motion for entry of default judgment against defendants and referred this matter to Magistrate Judge Shields for a Report and Recommendation ("R&R") addressing the issue of damages and other relief sought by plaintiff. Now before the Court are two R&Rs from Magistrate Judge Shields dated August 2, 2017 and August 4, 2017[1] (ECF Nos. 32 and 35) recommending that the Court (1) grant plaintiff $21,772.27 in unpaid contributions with $11,604 in interest; (2) grant plaintiff $4,354.45 in liquidated damages; (3) award plaintiff $7,185 in attorneys' fees and $1,480.69 in costs; and (4) direct defendants and their officers to make available to the plaintiff or its authorized representatives, within 30 days of this Order, any and all books and records plaintiff deems necessary to conduct a payroll audit. Both R&Rs instructed that any objections to the R&Rs be submitted within fourteen (14) days of service of the R&Rs. (*See* R&R dated August 2, 2017 at 5-6; R&R dated August 4, 2017 at 2-3.) Plaintiff served the R&Rs on defendants on August 3,

---

[1] After Magistrate Judge Shields issued the August 2, 2017 R&R, plaintiff filed a letter on August 3, 3017 (ECF No. 34) requesting clarification as to plaintiff's request for an order directing defendants to produce their books and records for the purpose of conducting a payroll audit. The August 4, 2017 R&R addresses that issue.

2017 and August 4, 2017, respectively (*see* ECF Nos. 33 and 36), and the dates for filing any objections to both R&Rs have since expired. Defendants have not filed any objections to either R&R, and for the reasons set forth below, the Court adopts the thorough and well-reasoned R&Rs in their entirety.

Where there are no objections, the Court may adopt a Report and Recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although defendants have waived any objection to the R&Rs and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&Rs in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&Rs *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&Rs in their entirety. Accordingly, IT IS HEREBY ORDERED that:

(1) Plaintiff is granted $21,772.27 in unpaid contributions with $11,604 in interest;

(2) plaintiff is granted $4,354.45 in liquidated damages;

(3) plaintiff is awarded $7,185 in attorneys' fees and $1,480.69 in costs; and

(4) defendants and their officers are directed to make available to the plaintiff or its authorized representatives, within 30 days of this Order, any and all books and records plaintiff deems necessary to conduct a payroll audit.

IT IS FURTHER ORDERED that the Clerk of the Court enter judgment accordingly and close this case.

IT IS FURTHER ORDERED that plaintiff serves a copy of this Order on defendants.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: August 24, 2017
Central Islip, New York